No. 03-122

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 176N

GARY MYERS,

        Plaintiff and Respondent,

    v.

GEORGE F. VINCENT, W. STEPHEN DEE,
VICTORIA R. DEE, AND ALL OTHER
PERSONS UNKNOWN, claiming or who might
claim any right, title, estate, or interest in, or lien
or encumbrance upon, the real property described
in the Complaint or any thereof, adverse to the Plaintiff's ownership,

        Defendants and Appellants.

APPEAL FROM:    District Court of the First Judicial District,
In and for the County of Lewis and Clark, Cause No. ADV 2000-293
The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

            Carl A. Hatch, Doubek & Pyfer, Helena, Montana

        For Respondent:

            John M. Shontz, Squires & Shontz, Helena, Montana

Submitted on Briefs:  September 4, 2003

Decided:  July 6, 2004

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Gary Myers (Myers) brought an action to partition in the First Judicial District, Lewis and Clark County. Myers owned a one-third interest in a 160 acre tract of land and W. Steven and Victoria Dee (the Dees) owned the other two-thirds interest. The parties agreed to have a referee address all issues in contention. The referee awarded Myers the southern one-third portion of the tract and granted Myers exclusive access to his portion across a separate adjoining 160 acre tract also owned by the Dees.

¶3 The Dees requested a hearing and Myers moved to adopt the referee's recommendations. The District Court denied the Dees' request and approved and adopted the referee's recommendations. The Dees moved for a new trial and the District Court denied the motion. The Dees appeal and we reverse.

¶4 We restate the issues on appeal as follows:

¶5 1. Did the District Court err when it adopted the referee's findings of fact and conclusions of law?

¶6 2. Did the District Court violate § 76-3-201(2), MCA?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶7 We first note that because there was no trial, and hence, no trial transcripts, the facts are set forth according to the referee's findings of fact and conclusions of law, the documents in the District Court record, and the parties briefs.

¶8 Ruth Kruth (Kruth), Ruby Bastian (Bastian), and Doris Vincent (Doris), inherited 160 acres, as tenants in common, from their mother. After inheriting the property, Kruth listed the property for sale with a local realtor and included Bastian's and Doris' names. Ruby and Doris did not sign the listing agreement or any other document giving Kruth authority to act for them. Myers offered to buy the property, made a down payment, and signed a buy/sell agreement with Kruth. Bastian and Doris refused to sign the agreement and Myers filed an action for specific performance against all three sisters. Kruth then sold Myers her one-third interest in the property.

¶9 Following this, George Vincent (George), brother to the three sisters, purchased the remaining two-thirds interest from Bastian and Doris. Myers attempted to deal with all the parties but then filed a complaint in partition. At the same time, George, who owned an adjoining 160-acre parcel, sold that parcel, and the two-thirds interest recently purchased from his sisters, to the Dees.[1] Myers then amended his complaint in partition to include the Dees as additional defendants and the Dees and Myers agreed to have a referee address all issues in contention.

---

[1] The Dees were aware of Myers' interest in the property when they purchased the two-thirds interest from George.

¶10 The referee decided that Myers should be awarded the southern one-third section and the Dees were to retain the northern two-thirds portion of the parcel. Myers was also granted exclusive access to his parcel at the extreme southeast corner of the parcel. This access was from the county road across sixty-two feet of the Dees' adjoining 160 acre tract.

¶11 The Dees objected to the referee's findings and requested oral argument on the issues raised by the pleadings and the referee's report. Myers moved to accept the referee's findings and the Dees again objected and requested a hearing. The District Court denied the Dees' request for a hearing and approved and adopted the referee's recommendations. The District Court concluded that it saw "no basis for rejecting the referee's recommendations" because "[t]he referee's findings [were] supported by the evidence in the record." The Dees moved for a new trial and the District Court denied the motion. The Dees appeal.

## STANDARD OF REVIEW

¶12 In reviewing a district court's findings of fact in a partition action the applicable standard of review is whether the findings are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, a review of the record leaves the court with the definite and firm conviction that a mistake has been committed. *Tillett v. Lippert* (1995), 275 Mont. 1, 5, 909 P.2d 1158, 1160.

## DISCUSSION

### ISSUE ONE

¶13 *Did the District Court err in adopting the referee's findings of fact and conclusions of law?*

4

¶14 The Dees argue that the District Court erred because the referee met with Myers without the Dees. They maintain that both parties had agreed to meet with the referee on May 29, 2002, and that on that day the Dees and their counsel waited for instructions concerning the arranged meeting. The Dees' counsel eventually called Myers' counsel to inquire about the meeting and Myers' counsel informed Dees' counsel that he, Myers, and the referee had gone to the parcel the day before and that there would be no meeting on May 29.

¶15 Myers counters that the District Court gave the referee the power to interview the parties and that Myers had strongly encouraged the Dees to schedule a meeting with the referee either at the property or off the property without Myers' presence. Further, Myers argues that the Dees failed to take advantage of the opportunity to meet with the referee between the time the referee was appointed, November 28, 2001, and the time the referee's report was issued, August 5, 2002.

¶16 Canon 17 of the Canons of Judicial Ethics establishes that "[a] judge should not permit private interviews, arguments or communications designed to influence his judicial action . . . ." While a referee is not a judge, a referee does act in a quasi-judicial capacity. Here, the District Court's order charged the referee with considering the contentions of each party and providing the District Court with findings of fact and conclusions of law. While this is a case of first impression here in Montana, case law does address the impropriety of ex parte communications in other similar situations.

5

¶17	In *Cascade County Consumers Ass'n v. Public Serv. Comm'n* (1964), 144 Mont. 169, 188, 394 P.2d 856, 866, we held that just as it was improper for a judge to engage in ex parte communications, it was "equally improper" for the Montana Public Service Commission to engage in an ex parte relationship. We noted that "[i]f one is empowered to act as a judge he should conduct himself as one." *Cascade County*, 144 Mont. at 188, 394 P.2d at 866.

¶18	We conclude that it was inappropriate for the referee to meet with only one of the parties after a meeting had been scheduled with both parties. Myers' argument that he gave permission for the Vincents to meet with the referee anytime the Vincents wanted does not make the meeting between himself and the referee appropriate.

¶19	In addition, the Dees also raise issue with the exclusive access that Myers was granted. We decline to address this issue at this time given our aforementioned conclusion. Accordingly, we hold that the District Court erred in adopting the referee's findings of fact and conclusions of law and we reverse.

### ISSUE TWO

¶20	*Did the District Court violate § 76-3-201, MCA?*

¶21	The Dees contend that dividing the 160 acre parcel subjects it to the requirements regarding subdivisions embodied in Title 76, Chapter 3, Montana Code Annotated. They assert that the District Court erred because it failed to notify the governing body of the pending division to allow the governing body to present written comment as required by § 76-3-201(2), MCA. Myers maintains that the failure to do this was harmless.

6

¶22   The Dees are correct, Title 76, Chapter 3, Montana Code Annotated, does apply in this instance. "A subdivision comprises only those parcels containing less than 160 acres . . . ." Section 76-3-104, MCA. This chapter does not apply though "to any division of land that: (a) is created by order of any court of record in this state . . . ." Section 76-3-201(1)(a), MCA. However, "the court shall notify the governing body of the pending division and allow the governing body to present written comment on the division." Section 76-3-201(2), MCA. As the Dees point out, the governing body was not notified.

¶23   Myers' argument that this error was harmless is not persuasive. The statute's language is clear and mandatory. "[T]he court *shall* notify the governing body . . . ." Section 76-3-201(2), MCA (emphasis added). Because this case is being reversed as to the first issue, the statute will have to be complied with in any further proceedings.

¶24   We reverse and remand for further proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART

7